No. 95–1956. DEPARTMENT OF THE INTERIOR ET AL. *v.* SOUTH DAKOTA ET AL. C. A. 8th Cir. Certiorari granted, judgment vacated, and case remanded to the Court of Appeals with instructions to vacate the judgment of the United States District Court for the District of South Dakota and remand the matter to the

Secretary of the Interior for reconsideration of his administrative decision.

JUSTICE SCALIA, with whom JUSTICE O'CONNOR and JUSTICE THOMAS join, dissenting.

This case arises from the 1990 action of the Department of the Interior acquiring 91 acres in trust for the Lower Brule Tribe of the Sioux Indians, pursuant to § 5 of the 1934 Indian Reorganizations Act (IRA), 48 Stat. 985, as amended, 25 U. S. C. § 465. Respondents challenged this action in Federal District Court, contending both that the Department's particular action violated the Administrative Procedure Act (APA), 5 U. S. C. § 706, and that the Secretary's statutory authority to acquire lands under the IRA is unconstitutional as a delegation of legislative power.

Throughout this litigation, until now, it has been the Department's position that IRA land acquisitions are unreviewable under the APA because they fall within the exception for matters "committed to agency discretion by law." § 701(a)(2). The District Court agreed that APA review was unavailable, although on different grounds, holding that since the United States had acquired title, the Quiet Title Act (QTA), 28 U. S. C. § 2409a, provided the sole statutory means of challenging the action, and that the QTA explicitly prohibits actions challenging title to Indian lands. The District Court also upheld the Secretary's constitutional authority to acquire land on behalf of the United States under the IRA. The Court of Appeals for the Eighth Circuit, however, reversed on the ground that § 5 of the IRA constitutes a delegation of legislative power to the Secretary of the Interior and is hence unconstitutional. 69 F. 3d 878 (1995).

Following the Eighth Circuit's sweeping decision, the Department of the Interior did an about-face with regard to the availability of judicial review under the APA. It promulgated a new regulation providing that "the Secretary shall publish in the Federal Register, or in a newspaper of general circulation serving the affected area a notice of his/her decision to take land into trust," and that "the Secretary shall acquire title in the name of the United States no sooner than 30 days after the notice is published." Department of the Interior, Land Acquisitions (Nongaming), 61 Fed. Reg. 18083 (1996) (to be codified at 25 CFR § 151.12). The preamble to that regulation recites that it is being adopted "[i]n response to a recent court decision, *State of South*

*Dakota* v. *U. S. Department of the Interior*, 69 F. 3d 878 (8th Cir. 1995)," and asserts that the procedure it sets forth "permits judicial review before transfer of title to the United States." The Solicitor General now represents to us that it is the position of the Department of the Interior, as well as that of the Department of Justice, that judicial review of an IRA land trust acquisition may be obtained by filing suit within the 30-day waiting period, although action will continue to be barred by the QTA after the United States formally acquires title.

The decision today—to grant, vacate, and remand in light of the Government's changed position—is both unprecedented and inexplicable. This Court has in recent years occasionally entered a "GVR" in light of a position newly taken by the Solicitor General *where the United States was the prevailing party below.* See, *e. g., Stutson* v. *United States*, 516 U. S. 193 (1996) *(per curiam); Schmidt* v. *Espy*, 513 U. S. 801 (1994); *Wells* v. *United States*, 511 U. S. 1050 (1994); *Reed* v. *United States*, 510 U. S. 1188 (1994); *Chappell* v. *United States*, 494 U. S. 1075 (1990). Even that extension of our earlier practice is in my view unsound. See *Lawrence* v. *Chater*, 516 U. S. 168, 184–186 (1995) (SCALIA, J., dissenting). But we have never before GVR'd simply because the Government, having *lost* below, wishes to try out a new legal position. The unfairness of such a practice to the litigant who prevailed in the court of appeals is obvious. ("Heads I win big," says the Government; "tails we come back down and litigate again on the basis of a more moderate Government theory.") Today's decision encourages the Government to do what it did here: to "go for broke" in the courts of appeals, rather than get the law right the first time.

What makes today's action inexplicable as well as unprecedented is the fact that the Government's change of legal position *does not even purport to be applicable to the present case.* The Government now concedes only that APA review is available before the Secretary's taking of title under the IRA; it has not altered its view that once title has passed to the United States APA review is precluded by the QTA. 28 U. S. C. § 2409a(a); Pet. for Cert. 7. Since in this case title has passed, the Government's position in the present litigation remains what it was: Judicial review is unavailable.

The Government contends, however, that the Court of Appeals' determination that the IRA was a delegation of legislative power was based in part upon the unavailability of judicial review. I

fail to see how the availability of judicial review has anything to do with that question; perhaps the Court of Appeals thought otherwise, though its opinion on this point is somewhat contradictory.* If, however, judicial reviewability *was* germane to the Court of Appeals' judgment, surely it was only such reviewability as would exist *of right*, and not such as would be accorded only at the discretion of the agency. It is merely the latter that we have here: The Government concedes only that, *if* the Secretary chooses to announce his acquisition decision *before* the acquisition becomes effective (as the new regulation graciously requires), judicial review is available. It is inconceivable that this reviewability-at-the-pleasure-of-the-Secretary could affect the constitutionality of the IRA in anyone's view, including that of the Court of Appeals.

Finally, the existence of the new regulation does not make this a case in which a postjudgment change in the law applicable to the dispute warrants a remand. The preamble to the regulation acknowledges that "the Eighth Circuit decision precludes the Secretary from taking into trust the land at issue in that particular case," and explicitly states that "[t]he procedure announced in today's rule . . . will apply to all *pending* and *future* trust acquisitions." 61 Fed. Reg. 18083 (1996) (emphasis added). Of course that statement merely recites the obvious, since, title *already* having been acquired in this case, it is quite impossible for the Secretary to provide 30-day advance notice of intent to take title. Evidently for that reason, the Government asks this Court, if it declines to grant certiorari, not merely to GVR, but to do so "with instructions that the judgment of the district court sustaining the Secretary's decision also be vacated and that the matter, in turn, be remanded to the Secretary of the Interior for reconsideration and issuance of a new administrative decision." Pet. for Cert. 25. I cannot imagine where we would derive the authority for this. If, as the Government asserts in its brief, statutory judicial

---

*At one point the court quoted approvingly its statement in *United States* v. *Garfinkel*, 29 F. 3d 451, 459 (CA8 1994), that " '[j]udicial review is a factor weighing in favor of upholding a statute against a nondelegation challenge.' " 69 F. 3d 878, 882 (1995). This seems inconsistent, however, with the approach the court takes elsewhere in its opinion, when it says: "We doubt whether the Quiet Title Act precludes APA review of agency action by which the United States *acquires* title. But given our conclusion that § 465 is an unconstitutional delegation of power, we need not decide this issue." *Id.*, at 881, n. 1.

review of a land-trust decision under § 5 of the IRA is unavailable once title has passed to the United States, then certainly federal courts cannot construct the necessary conditions for judicial review by simply ordering the land acquisition undone.

In sum, there is no basis in precedent or in reason for a GVR in the present case. Since a federal statute has been held unconstitutional, I would grant the petition for certiorari.