Justice Scalia,
with whom Justice Thomas joins, dissenting.
Petitioner Marcus Wellons was convicted in Georgia state court of capital murder and sentenced to death. After exhausting direct appeal and state posteonvietion review, he filed a petition for habeas corpus in federal court under 28 U. S. C. §2254. Wellons claims, among other things, that misconduct on the part of the trial judge, jurors, and court bailiff deprived him of a fair trial. The District Court denied relief, and the Eleventh Circuit affirmed.
Today the Court grants Wellons’ petition for certiorari, vacates the judgment of the Eleventh Circuit, and remands (GVRs) in light of Cone v. Bell, 556 U. S. 449 (2009). The Eleventh Circuit concluded that Wellons’ claims were procedurally barred because the state postconviction court, noting that the State Supreme Court had rejected them on direct appeal, held the claims were res judicata. See 554 F. 3d 923, 936, and n. 6 (2009). This was error under Cone, see 556 *227 U. S., at 466-467, as respondent recognizes; indeed, the Eleventh Circuit has already recognized the abrogation of the opinion below on this point, see Owen v. Secretary for Dept. of Corrections, 568 F. 3d 894, 915, n. 23 (2009). But, as Justice Alito’s dissent demonstrates, post, p. 228, the Eleventh Circuit (like the District Court) also decided that petitioner was not entitled to habeas relief on the merits. 554 F. 3d, at 936-938. Thus the Court GVRs in light of Cone even though the issue on which Cone throws light does not affect the outcome.
The Court has previously asserted a power to GVR whenever there is “a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation.” Lawrence v. Chater, 516 U. S. 163, 167 (1996) (per curiam). I have protested even that flabby standard, see id., at 190-191 (Scalia, J., dissenting), but today the Court outdoes itself. It GVRs where the decision below does not “rest upon” the objectionable faulty premise, but is independently supported by other grounds— so that redetermination of the faulty ground will assuredly not “determine the ultimate outcome of the litigation.” The power to “revise and correct for error,” which the Court has already turned into “a power to void for suspicion,” id., at 190 (same) (internal quotation marks and alteration omitted), has now become the power to send back for a redo. We have no authority to decree that. If the Court thinks that the Eleventh Circuit’s merits holding is wrong, then it should summarily reverse or set the case for argument; otherwise, the judgment below must stand. The same is true if (as the Court evidently believes) the Court of Appeals should have required an evidentiary hearing before resolving the merits question. If they erred in that regard their judgment should be reversed rather than remanded “in light of Cone v. Bell” — a disposition providing no hint that what we really *228 want them to do (as the Court believes) is to consider an evidentiary hearing.
The systematic degradation of our traditional requirements for a GVR has spawned a series of unusual dispositions, including the GVR so the Government can try a less extravagant argument on remand, see Department of Interior v. South Dakota, 519 U. S. 919, 921 (1996) (Scalia, J., dissenting), the GVR in light of nothing, see Youngblood v. West Virginia, 547 U. S. 867, 872 (2006) (same), and the newly minted Summary Remand for More Extensive Opinion than Petitioner Requested (SRMEOPR), see Webster v. Cooper, post, at 1042 (Scalia, J., dissenting). Today the Court adds another beast to our growing menagerie: the SRIE, Summary Remand for Inconsequential Error — or, as the Court would have it, the SRTAEH, Summary Remand to Think About an Evidentiary Hearing.
It disrespects the judges of the courts of appeals, who are appointed and confirmed as we are, to vacate and send back their authorized judgments for inconsequential imperfection of opinion — as though we were schoolmasters grading their homework. An appropriately self-respecting response to today’s summary vacatur would be summary reissuance of the same opinion, minus the discussion of Cone. That would also serve the purpose of minimizing the delay of justice that today’s GVR achieves (Wellons has already outlived his victim by 20 years; he committed his murder in 1989).