# STUTSON v. UNITED STATES

No. 94–8988.   Decided January 8, 1996

PER CURIAM.

Our *per curiam* opinion issued today in a civil case, *Lawrence* v. *Chater, ante,* p. 163; contains a general discussion of the considerations that properly influence this Court in deciding whether to grant a petition for certiorari, vacate the judgment below, and remand the case (GVR) for further consideration in light of potentially pertinent matters which it appears that the lower court may not have considered. Here, we apply that analysis to a criminal case, again finding that the particularities of the case before us merit a GVR.

Stutson, the petitioner in this case, is currently serving a federal prison sentence of 292 months for cocaine possession. He has had no appellate review of his legal arguments against conviction and sentence. The District Court held that his appeal was untimely and that the untimeliness was not the result of "excusable neglect" within the meaning of Rule 4(b) of the Federal Rules of Appellate Procedure, because his lawyer's office mailed his notice of appeal so that it arrived one working day late for the 10-day deadline, and at the Court of Appeals, when it should have been sent to the District Court. The District Court's opinion did not advert to our decision in *Pioneer Investment Services Co.* v. *Brunswick Associates Ltd. Partnership,* 507 U. S. 380 (1993), rendered one day before Stutson's brief was due in the District Court and not cited in the briefs before that court. In *Pioneer,* we held that a party could in some circumstances rely on his attorney's inadvertent failure to file a proof of claim in a timely manner in bankruptcy proceedings as "excusable neglect" under the bankruptcy rules.

Stutson appealed the District Court's ruling. In their briefs to the Court of Appeals for the Eleventh Circuit, the parties disputed the applicability of *Pioneer*'s liberal understanding of "excusable neglect" to the Rule 4(b) criminal appeal context, the Government contending that it applied only in bankruptcy cases. The Court of Appeals affirmed the District Court and dismissed Stutson's appeal without

hearing oral argument or writing an opinion. Now, in his response to Stutson's petition for certiorari, the Solicitor General has reversed the Government's position. This change of position follows the unanimous view of the six Courts of Appeals that, unlike the Eleventh Circuit in this case, have expressly addressed this new and important issue, and have held that the *Pioneer* standard applies in Rule 4 cases. See *United States* v. *Clark*, 51 F. 3d 42, 44 (CA5 1995) (Rule 4(b)); *United States* v. *Hooper*, 9 F. 3d 257, 259 (CA2 1993) (same); *Chanute* v. *Williams Natural Gas Co.*, 31 F. 3d 1041, 1045–1046 (CA10 1994) (Rule 4(a)(5)), cert. denied, 513 U. S. 1191 (1995); *Fink* v. *Union Central Life Ins. Co.*, 65 F. 3d 722 (CA8 1995) (same); *Reynolds* v. *Wagner*, 55 F. 3d 1426, 1429 (CA9) (same), cert. denied, *post*, p. 932; *Virella-Nieves* v. *Briggs & Stratton Corp.*, 53 F. 3d 451, 454, n. 3 (CA1 1995) (same).*

In sum, this is a case where (1) the prevailing party below, the Government, has now repudiated the legal position that it advanced below; (2) the only opinion below did not consider the import of a recent Supreme Court precedent that both parties now agree applies; (3) the Court of Appeals summarily affirmed that decision; (4) all six Courts of Appeals that have addressed the applicability of the Supreme Court decision that the District Court did not apply in this case have concluded that it applies to Rule 4 cases; and (5) the petitioner is in jail having, through no fault of his own, had no plenary consideration of his appeal. While "we 'should [not] mechanically accept any suggestion from the Solicitor General that a decision rendered in favor of the Government by a United States Court of Appeals was in error,'" *Lawrence, ante*, at 171 (quoting *Mariscal* v. *United States*, 449 U. S. 405, 406 (1981) (REHNQUIST, J., dissenting)), this excep-

---

*\*Clark, Fink, Reynolds,* and *Virella-Nieves* were decided after the Court of Appeals in this case denied Stutson's petition for rehearing. *Chanute* and *Hooper* were decided after the District Court's decision in this case but before that of the Court of Appeals.

tional combination of circumstances presents ample justification for a GVR order. It appears to us that there is at least a reasonable probability that the Court of Appeals will reach a different conclusion on remand, and the equities clearly favor a GVR order.

*If* the Court of Appeals here, in its summary affirmance, did not rely on the Government's primary argument and the lower court's basic premise—that *Pioneer* did not apply—it does not seem to us that we place an excessive burden on it, relative to Stutson's liberty and due process interests, by inviting it to clarify its ambiguous ruling. A contrary approach would risk effectively immunizing summary dispositions by courts of appeals from our review, since it is rare that their basis for decision is entirely unambiguous. See *Lawrence, ante,* at 170 (discussing *Netherland* v. *Tuggle,* 515 U. S. 951 (1995)). If, on the other hand, the Court of Appeals did not fully consider the applicability of *Pioneer,* or if it concluded that *Pioneer* does not apply under Rule 4, it might well conclude that while "[t]he law is the law," *ante,* at 184 (SCALIA, J., dissenting), the combination of the Government's change of position and the subsequent contrary decisions of four other Courts of Appeals shed light on the law applicable to this case. If it continues to conclude that *Pioneer* does not apply, it will be useful for us to have the benefit of its views so that we may resolve the resulting conflict between the Circuits.

Finally, it is not insignificant that this is a criminal case. When a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights, to which the important public interests in judicial efficiency and finality must occasionally be accommodated. We have previously refused to allow technicalities that caused no prejudice to the prosecution to preclude a remand under 28 U. S. C. § 2106 (1988 ed.) "in the interests of justice." *Wood*

v. *Georgia,* 450 U. S. 261, 265, n. 5 (1981). And procedural accommodations to prisoners are a familiar aspect of our jurisprudence. See, *e. g.,* 28 U. S. C. § 2255 (1988 ed.) (habeas review in spite of an adverse final appellate decision); *Evitts* v. *Lucey,* 469 U. S. 387 (1985) (relief for ineffective assistance of retained counsel on appeal); *Schacht* v. *United States,* 398 U. S. 58, 63–64 (1970) (unlike in civil cases, time limits for petitions for certiorari in criminal cases are not jurisdictional). To the extent that the dissent suggests that it is inconsistent with our "traditional practice," *ante,* at 178 (opinion of SCALIA, J.), to call upon a Court of Appeals to reconsider its dismissal of a prisoner's appeal because his lawyer filed it one day late, in circumstances where the Court of Appeals' decision may have been premised on the assumption, unanimously rejected by other Courts of Appeals, that more stringent rules as to filing deadlines apply to prisoners than to creditors filing claims in a bankruptcy proceeding, we must respectfully disagree.

Judicial efficiency and finality are important values, and our GVR power should not be exercised for "[m]ere convenience," cf. *Adams* v. *United States ex rel. McCann,* 317 U. S. 269, 274 (1942). "But dry formalism should not sterilize procedural resources which Congress has made available to the federal courts." *Ibid.* In this case, as in *Lawrence* v. *Chater,* a GVR order guarantees to the petitioner full and fair consideration of his rights in light of all pertinent considerations, and is also satisfactory to the Government. In this case, as in *Lawrence,* a GVR order both promotes fairness and respects the dignity of the Court of Appeals by enabling it to consider potentially relevant decisions and arguments that were not previously before it.

Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for

further consideration in light of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U. S. 380 (1993).

[For concurring opinion of JUSTICE STEVENS, see *ante*, p. 175; for dissenting opinion of THE CHIEF JUSTICE, see *ante*, p. 176; for dissenting opinion of JUSTICE SCALIA, see *ante*, p. 177.]