Jonathan BALL, Plaintiff,

v.

Roger CARROLL, Defendant.

Civil Action No. 95–40235–NMG.

United States District Court,
D. Massachusetts.

Aug. 8, 1996.

John A. Bosk, Jr., Fitchburg, MA, for Jonathan Ball.

Joseph P. Kittredge, Brian J. Rogal, Law Offices of Timothy M. Burke, Needham, MA, for Roger Carroll.

Edward M. Pikula, Cohen, Rosenthal P.C., Springfield, MA, for Charles F. Henderson.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On December 29, 1995, plaintiff, Jonathan Ball ("Ball") filed this action against State Trooper Roger Carroll ("Carroll"). Pending before this Court is defendant's motion, filed pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff's complaint. For the following reasons, the motion will be allowed.

## I. FACTUAL BACKGROUND

■ When considering a motion to dismiss, this Court accepts as true the allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Carreiro v. Rhodes Gill and Co., Ltd.*, 68 F.3d 1443, 1446 (1st Cir.1995). Plaintiff's complaint asserts the following relevant factual allegations:

1. On December 3, 1992, Ball was driving his car on Route 93 in Woburn, Massachusetts, with two companions. Carroll, a Massachusetts State Trooper, signalled the plaintiff to pull over. The defendant was not in uniform at the time.

2. Plaintiff pulled over, rolled down his window and, when asked, presented his license and registration to defendant. Defendant did not identify himself and was verbally abusive and threatening to the plaintiff. Plaintiff refused to get out of the car when instructed to do so because he feared for his own safety and he requested the presence of another officer.

3. Defendant returned to his cruiser for approximately 10 minutes. When he reapproached, he dragged the plaintiff through the window of plaintiff's locked car door, injuring the plaintiff in the process. Defendant continued to abuse the plaintiff, slamming his head on the pavement and kneeing him in the back, causing him to lose feeling in his legs. Defendant then arrested the plaintiff.

4. The defendant, ignoring plaintiff's request for medical treatment, transported him to Woburn District Court, where he was placed in a holding cell for a period of five or six hours.

5. On November 30, 1994, plaintiff filed a Notice of Claim with the Administrative Office of the Trial Court, pursuant to M.G.L. c. 258, § 4 which requires a claimant who files thereunder to wait for six months after such filing before entering suit. Counsel "reasonably believed" that the statute of limitations was tolled while the claim was pending before that administrative agency.

6. On June 14, 1995 the Administrative Office of the Trial Court issued a notice of denial to the plaintiff.

7. Plaintiff filed suit on December 28, 1995, three years and twenty-five days after the incident occurred.

## II. STATEMENT OF THE CASE

Plaintiff's complaint states four claims against defendant Carroll: unreasonable seizure in violation of his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and Articles Twelve and Fourteen of the Massachusetts Declaration of Rights (Count I), assault and battery (Count II), deprivation of his right to medical treatment in violation of the Fourteenth Amendment to the U.S. Constitution and the corresponding provisions of the Massachusetts Declaration of Rights (Count III), and intentional or reckless infliction of emotional distress (Count IV). Defendant's motion to dismiss asserts that plaintiff's claims are time barred by virtue of the applicable statute of limitations.

## III. LEGAL ANALYSIS

■ The incident occurred on December 3, 1992, but plaintiff did not file his suit until December 28, 1995. As the defendant contends, the limitations period for actions brought pursuant to 42 U.S.C. § 1983 is governed by the state statute of limitations for personal injury claims. *See Wilson v. Gar-*

*cia*, 471 U.S. 261, 276–80, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985). M.G.L. c. 260, § 2A states that such actions must be filed within three years after the cause of action accrues. Both federal and state courts have applied the three-year limitation period to § 1983 claims. *See Street v. Vose*, 936 F.2d 38, 39 (1st Cir.1991) *cert. denied*, 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992); *Pagliuca v. City of Boston*, 35 Mass. App. 820 (Mass.App.1994).

■ The accrual period for a § 1983 claim begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Street*, 936 F.2d at 40. The cause of action in the instant case accrued on December 3, 1992, the day on which the alleged incidents occurred, and expired on December 2, 1995. A claim that has expired under the applicable statute of limitations may be dismissed as frivolous. *See Street*, 936 F.2d at 39.

Plaintiff acknowledges that claims brought under 42 U.S.C. § 1983 are governed by the three-year state statute of limitations for personal injury actions. Plaintiff submits, however, that his claim should be exempt from that limitation period for one or more of the following reasons:

1. In accordance with the Federal Tort Claims Act, 28 U.S.C. § 2401(b), the statute of limitations should be tolled while the claim is pending before the executive officer, because plaintiff is required by M.G.L. c. 258, § 4 to wait six months before filing suit while his claim is considered by that agency;

2. M.G.L. c. 258, § 4 is unconstitutional because it requires a waiting period without granting an equivalent tolling period, and therefore, creates an unreasonable impediment to a civil remedy;

3. Counsel reasonably believed that, by filing a Notice of Claim with the Administrative Office of the Trial Court within two years of the accrual, the limitations period was automatically extended and plaintiff's claim should be allowed for "excusable neglect"; and

4. Equitable considerations warrant an exception to the general rule because defendant has not been prejudiced by plaintiff's failure to serve the complaint by December 3, 1995.

See Plaintiff's Opposition to Defendant's Motion to Dismiss, at 1–2. Plaintiff's arguments are considered *seriatim*.

A. *Tolling in Accordance with the Federal Statute*

■ The dual requirements of state law, i.e. presentment to the executive officer within two years and filing of a civil action within three years of a cause of action's accrual, are unambiguous:

> The statute requires that there be both presentment within two years and commencement of the action within three years. These are separate and distinct requirements.... [A] legally competent plaintiff who complied with the two-year presentment requirement, but failed to bring an action within the three-year statute of limitations set by the G.L. c. 258, § 4, would not meet the statutory requirements for maintaining an action.

*George v. Town of Saugus*, 394 Mass. 40, 42, 474 N.E.2d 169 (1985).

Plaintiff argues that the statute of limitations for state actions should be tolled pending administrative determination simply because the limitations period is tolled in federal actions. However, plaintiff's brief to this Court is necessarily devoid of citations to statutory or case law in support of the proposition that the analogous federal law can or should control the application of state statutes of limitation.

B. *Constitutionality of M.G.L. c. 258*

■ M.G.L. c. 258, § 4 requires a claimant instituting a claim against a public employer to submit his claim to the executive officer of such public employer, and he is precluded from filing a civil action until the agency has disposed of the claim *or* six months has elapsed from the time of submission. That section clearly states that:

> [t]he failure of the executive officer to deny such claim in writing within six months

after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim.

At worst, plaintiff was foreclosed from filing suit for six months after he filed his Notice of Claim on November 30, 1994, but that left him more than six months thereafter to file a timely lawsuit.

In support of his challenge to the constitutionality of M.G.L. c. 258, plaintiff relies principally on *Ernest v. Faler*, 237 Kan. 125, 697 P.2d 870 (1985). In that case the court found unconstitutional a statutory provision requiring a victim of pesticide poisoning to file an application with the county attorney within 60 days of the damage as a prerequisite to filing suit. Employing a standard test for due process, "whether the legislative means selected has a real and relevant relation to the objective sought," the court in *Ernest* determined that there was no such relevant relation between the legislative means and the stated end, "to protect the public and to regulate pesticide applicators." *Ernest*, 697 P.2d at 876.

In this Court's view, an application of the test used in *Ernest* actually supports the constitutionality of M.G.L. c. 258. Requiring a claim to be filed within a three-year statute of limitations furthers the legislature's goal to "allow those with valid claims in tort to recover against governmental entities, [and] to provide a mechanism ensuring that only valid claims be paid." *Vasys v. Metropolitan Dist. Comm'n*, 387 Mass. 51, 57, 438 N.E.2d 836 (1982).

The court in *Ernest* also found the subject Kansas statute unconstitutional because it barred a cause of action sixty days after the discovery date of damage, even if the injured party did not know that a pesticide caused the damage. As a result, a person made ill by the pesticide who was not diagnosed within sixty days would have been barred from bringing a civil action. There is no corresponding inequity in the case at bar.

This Court finds unpersuasive plaintiff's attack on the constitutionality of M.G.L. c. 258, § 4. Plaintiff has failed to direct this Court's attention to any legal authority supporting his contention. Moreover, inasmuch as courts have deemed a six-month period in which to file a civil rights claim not *per se* unreasonable, *see Myers v. Western–Southern Life Insurance Co.*, 849 F.2d 259, 262 (6th Cir.1988), this Court concludes that a six-month hiatus for filing a complaint within a three-year statute of limitations period is not an unreasonable constraint.

### C. Excusable Neglect

Relying upon *Stutson v. United States*, — U.S. —, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996), plaintiff next argues that principles of excusable neglect permit the tardy filing of his claim. In *Stutson*, the United States Supreme Court upheld a claim of "excusable neglect" where a criminal defendant's counsel erroneously filed an appeal one day after the statute of limitations had expired. The Supreme Court emphasized the significance of the fact that it was a *criminal* case in which the defendant would otherwise have been barred from appealing his 292–month sentence because of his attorney's error. "When a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights." *Stutson*, — U.S. at —, 116 S.Ct. at 603. Where, as here, the plaintiff in the case at bar is not facing criminal penalties, this Court will not sanction his non-compliance with the statute of limitations.[1]

---

1. This Court is similarly unpersuaded by plaintiff's argument that general equitable considerations warrant an exception to the rule requiring the timely filing of his complaint within the limitations period. This Court recognizes the seriousness of plaintiff's allegations and the misfortune that may result from a dismissal of them. However, plaintiff offers no apposite law to support his contention that the statute of limitations should be disregarded in favor of "equitable considerations." He bases his argument on *Viviano v. CBS, Inc.*, 101 N.J. 538, 503 A.2d 296, 302–3 (1986), a factually-distinct case in which the Supreme Court of New Jersey relaxed the statute of limitations for a plaintiff whose claim was time barred because she relied on defendant's misrepresentations. Here, there is no evidence or allegation of misrepresentation by the defendant.

## ORDER

For the foregoing reasons, defendant's motion to dismiss is **ALLOWED** and plaintiff's complaint is, therefore, **DISMISSED.**

So ordered.