107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Vincent Quicho MUNOZ, Defendant-Appellant.
 Nos. 96-10220, 96-10305.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1996.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TAHSIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal No. 96-10220, Vincent B.Q. Munoz seeks to appeal Guam's Appellate Division's affirmance of his jury conviction for theft and trespass. We dismiss this appeal for lack of jurisdiction because Munoz filed his notice of appeal more than ten days after entry of judgment. See Fed.R.App.P. 4(b).
 
 
 3
 In companion appeal No. 96-10305, Munoz appeals the district court's denial of his motion for reconsideration of the Appellate Court's order denying his motion for enlargement of time to file a notice of appeal pursuant to Fed.R.App.P. 4(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and vacate and remand.
 
 
 4
 Munoz argues that the district court abused its discretion by denying him an extension of time to file his notice of appeal on the basis of excusable neglect. This contention has merit.
 
 
 5
 The standards of "excusable neglect" have been liberalized by Pioneer Inv. Servs. Corp. v. Brunswick Assocs., 507 U.S. 380 (1993). See also Stutson v. United States, 116 S.Ct. 600, 601 (1996) (applying Pioneer to criminal appeal); Marx v. Loral Corp., 87 F.3d 1049, 1053-54 (9th Cir.1996) ( Pioneer applies to cases outside bankruptcy context). The word "neglect encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer, 502 U.S. at 388. The determination that neglect is excusable "is at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission." See id. at 394.
 
 
 6
 Here, the Appellate Court made no mention of Pioneer in its order denying Munoz's motion for enlargement of time. Moreover, the order indicates that the Court may have believed that, under the circumstances, it was without authority to grant the motion. Because consideration of the Pioneer standard may effect the outcome of Munoz's motion, we vacate and remand the case to the district court so that it may consider Munoz's motion for enlargement of time in light of Pioneer and Stutson.
 
 
 7
 No. 96-10220 DISMISSED.
 
 
 8
 No. 96-10305 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3