**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

PHILLIP ALLI,

        Defendant-Appellant.

Case No. 96-2048

(D.C. CR-94-293-JP)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Phillip Alli appeals his convictions after a jury trial for conspiracy, fraudulent use, and attempted fraudulent use of counterfeit access devices. He challenges the district court's ruling that a hearsay statement of his co-defendant was not admissible as a statement against interest under Fed. R. Evid. 804(b). Also before the court is Mr. Alli's motion to extend the time for filing his notice of appeal, which he filed after the ten-day period expired under Fed. R. App. P. 4(b). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

This appeal arises from Mr. Alli's jury trial and conviction on one count of conspiracy to commit fraudulent use of access devices in violation of 18 U.S.C. §§ 371, 1029(b)(2); two counts of fraudulent use of counterfeit access devices and aiding and abetting in violation of 18 U.S.C. §§ 2, 1029(a)(1); and one count of attempted fraudulent use of counterfeit access devices and aiding and abetting in violation of 18 U.S.C. §§ 2, 1029(b)(1).

These charges arose from events in late April 1994, when a woman accompanied by a man--later identified as Roshunda Jones and Mr. Alli--rented a Chrysler New Yorker at the Albuquerque, New Mexico airport using a counterfeit credit card and identification in the name of Sandra Hill. Subsequently, Ms. Jones, using counterfeit credit cards and identification in the names Sandra Hill and Taras Reilly, obtained or attempted to obtain

2

cash advances from six banks in the Albuquerque area. During one of the counterfeit transactions attempted by Ms. Jones, a bank employee observed a man matching Mr. Alli's description looking around the lobby. Other than this identification, however, there were no eyewitness accounts of Mr. Alli's direct involvement in the attempts to obtain cash advances. Following the sixth attempted transaction, a bank employee--alerted by the counterfeit Sandra Hill credit card--telephoned the police, who immediately apprehended Ms. Jones, Mr. Alli, and a third person (who was later released) pulling away from the bank in a Chrysler New Yorker.

After waiving their Miranda rights, both Ms. Jones and Mr. Alli were questioned by United States Secret Service Agent Richard Coburn. In the course of questioning, Ms. Jones admitted obtaining one $1,500 cash advance and said she attempted another, but was unsure of the location. Ms. Jones stated that she was responsible for the criminal acts and denied that Mr. Alli was involved in obtaining the cash advances. During his questioning, Mr. Alli admitted that he had come to Albuquerque with Ms. Jones for the purpose of using the counterfeit credit cards. Mr. Alli stated that he had convinced Ms. Jones to participate in the scheme, and that he had obtained the credit cards and drivers' licences that she used. Based upon the foregoing evidence, Mr. Alli and Ms. Jones were each charged in an eight-count indictment for fraudulent use, or attempted fraudulent use, of counterfeit access devices and aiding and abetting. Ms. Jones pleaded guilty to one count of fraudulent use of a counterfeit access device and received three years probation.

3

Both the government and Mr. Alli subpoenaed Ms. Jones to testify at Mr. Alli's trial. The government also provided a ticket for Ms. Jones to travel from Los Angeles to Albuquerque for the trial. However, she did not appear. After the close of evidence at trial, Mr. Alli sought to introduce Ms. Jones's written confession in which she stated that she was responsible for the criminal acts and that Mr. Alli had no involvement. Mr. Alli proposed that this evidence be admitted under the exception to the hearsay rule which permits the use of statements against interest made by an unavailable witness. Fed. R. Evid. 804(b)(3). The district court denied Mr. Alli's request and the jury convicted Mr. Alli on one count of conspiracy, two counts of fraudulent use of counterfeit access devices, and one count of attempted fraudulent use of counterfeit access devices.

## II. DISCUSSION

### A. Timeliness of the Notice of Appeal

We first address whether Mr. Alli's notice of appeal is timely under Fed. R. App. P. 4(b). The district court entered its judgment in this case on February 16, 1996. Mr. Alli filed his notice of appeal and motion to extend the time for filing the notice of appeal on February 28, 1996--two days after the ten-day filing deadline established in Fed. R. App. P. 4(b). The district court granted Mr. Alli's motion for an extension of time to file his notice of appeal under Fed. R. App. P. 4(b), and gave him until March 4, 1996 to do so. Although the government did not cross-appeal, the district court's grant of Mr. Alli's

4

Rule 4 (b) motion raises a jurisdictional question that we are obligated to consider.  See

City of Chanute v Williams Natural Gas Co., 31 F.3d 1041, 1045 n.8 (10th Cir. 1994)

(holding that even in the absence of a challenge to a district court's grant of a motion to

extend the time to file a notice of appeal, we consider the timeliness of a notice of appeal

because it "raises jurisdictional concerns, and, as always, 'we have a duty to inquire into

our own jurisdiction.'" (quoting McGeorge v. Continental Airlines, Inc., 871 F.2d 952,

953 (10th Cir. 1989))), cert. denied, 115 S. Ct. 1254 (1995).

Rule 4(b) provides, in relevant part, that "[u]pon a showing of excusable neglect,

the district court may--before or after the time has expired, with or without motion and

notice--extend the time for filing a notice of appeal for a period not to exceed 30 days

from the expiration of the time otherwise prescribed by this subdivision."  Fed. R. App. P.

4(b).  In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S. Ct. 1489

(1993), the Supreme Court liberally construed the meaning of "excusable neglect" in the

context of a late filing in a bankruptcy proceeding.  This decision, which has subsequently

been held to apply in a Rule 4(b) context, see Stutson v. United States, 116 S. Ct. 600,

602-03 (1996), concluded that the term "excusable neglect" "plainly contemplated that

the courts would be permitted, where appropriate, to accept late filings caused by

inadvertence, mistake, or carelessness, as well as circumstances beyond the party's

control."  Pioneer, 113 S. Ct. at 1495.  The Court pointed to four factors relevant to

determining whether to find excusable neglect: (1) the danger of unfair prejudice to the

nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 1498; see also City of Chanute, 31 F.3d at 1046. We review the district court's determination of excusable neglect for an abuse of discretion. Id. at 1045.

In this case, Mr. Alli alleges that he filed his notice of appeal two days late due to the post office's delay in forwarding defense counsel's mail to a new office address. Because of this delay, defense counsel did not receive the district court's judgment until February 28, 1996--the same day he filed the notice of appeal. On that same day, defense counsel contacted the Assistant United States Attorney on the case to inform her that he received the judgment late and would be filing an appeal. Defense counsel also spoke with the district court judge, who advised defense counsel to file a motion to extend the time for filing the notice of appeal, which he did that same day. In applying Pioneer's four-factor analysis to these facts, we conclude that the district court did not abuse its discretion in granting a four-day extension to allow Mr. Alli to file his notice of appeal. Because Mr. Alli properly filed his notice of appeal within the March 4, 1996 deadline set by the district court, we hold that we have jurisdiction to hear this appeal.

## B. Rule 804(b)(3) Evidence

We next address Mr. Alli's substantive claim that the district court erred in ruling that Ms. Jones's written confession was not admissible as a statement against interest under Fed. R. Evid. 804(b)(3). The district court denied Mr. Alli's request on the grounds that the written statement was hearsay evidence and did not allow the opportunity for cross-examination. Because evidentiary rulings are committed to the sound discretion of the district court, we review the district court's refusal to admit this evidence only for an abuse of discretion. United States v. Spring, 80 F.3d 1450, 1460 (10th Cir.), cert. denied, 117 S. Ct. 385 (1996). Moreover, we recognize that "[t]he need for deference to a trial court ruling on a hearsay objection is particularly great because the determination of whether certain evidence is hearsay rests heavily upon the facts of a particular case." United States v. Rodriguez-Pando, 841 F.2d 1014, 1018 (10th Cir. 1988).

Rule 804 provides in relevant part:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
. . .
(3) Statement against interest. A Statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Fed. R. Evid. 804(b).

7

This court has held that a defendant seeking to admit hearsay evidence under Rule 804(b)(3) must demonstrate: "(1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to indicate the trustworthiness of the statement." United States v. Porter, 881 F.2d 878, 882 (10th Cir. 1989). In its appellate brief, the government concedes that Ms. Jones's statement was against her penal interest. However, the parties dispute the other two elements under Rule 804(b)(3)--that is, whether Ms. Jones was unavailable for trial and whether there was sufficient corroboration of the trustworthiness of the statement. Even assuming that Ms. Jones was unavailable for trial, we conclude that because Ms. Jones's statement lacked sufficient corroboration to support its trustworthiness, the district court properly excluded it from evidence.

We first note that "the determination of the sufficiency of corroborating evidence 'lies within the sound discretion of the trial court, which is aptly situated to weigh the reliability of the circumstances surrounding the declaration.'" Porter, 881 F.2d at 883 (quoting United States v. Guillette, 547 F.2d 743, 754 (2nd Cir. 1976)). Mr. Alli argues that Ms. Jones's statement that she acted alone is corroborated by four factors: (1) Ms. Jones gave the statement after being advised of her Miranda rights; (2) Ms. Jones was the only person identified at each of the six banks, with the exception of the sighting of Mr. Alli in the lobby of one bank; (3) there was evidence that Ms. Jones had flown by herself nine days earlier to Albuquerque, rented a room and a car with a counterfeit credit card,

and purchased women's perfume, purses, cookware, cameras, and electronic equipment with the same card; and (4) the fraud investigator for one of the credit card companies testified that, on an unidentified date, the fraudulent credit card was used to purchase one airline ticket--apparently that which Ms. Jones used for her earlier visit to Albuqueque. Aplt's Br. at 13-14.

In contrast to the circumstances invoked by Mr. Alli, there are several other factors which bring into question the trustworthiness of Ms. Jones's statement exculpating Mr. Alli. First, Mr. Alli was identified as being with Ms. Jones when renting the Chrysler New Yorker at the Albuquerque airport. Second, a bank employee identified Mr. Alli as the person walking around the bank lobby while Ms. Jones attempted to obtain a cash advance using a counterfeit credit card. Third, after her last attempted transaction, Ms. Jones entered a Chrysler New Yorker driven by Mr. Alli and the two of them were apprehended shortly thereafter. Fourth, when the arresting officers advised Mr. Alli and Ms. Jones of their <u>Miranda</u> rights, a police officer testified that Mr. Alli said to Ms. Jones: "Don't say anything, don't say anything at all." Rec. vol. IV, at 176. Finally, in his own statements to Agent Coburn, Mr. Alli admitted that he came to Albuquerque with Ms. Jones for the purpose of using the counterfeit credit cards, that he had convinced Ms. Jones to participate in the scheme, and that he had obtained the credit cards and drivers' licences that she used.

Although Mr. Alli offered evidence that Ms. Jones took a prior trip to Albuqueque without him, there is overwhelming evidence indicating that the two acted together in this counterfeit credit card scheme in which Ms. Jones was the front person. Thus, the record contains little evidence to corroborate Ms. Jones's statement that she acted alone and that Mr. Alli was not involved. We therefore conclude that the district court did not abuse its discretion in excluding Ms. Jones's written statement from introduction at Mr. Alli's trial.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge