**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICKIE JUNE HOGG,

Defendant-Appellant.

No. 96-6139
(D.C. No. CR-91-52-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Vickie June Hogg appeals from the district court's order denying her motion to reduce the sentence imposed pursuant to her conviction in 1991 for various drug offenses. We first address whether defendant's notice of appeal is timely under Rule 4(b) of the Federal Rules of Appellate Procedure. The time limits for filing a notice of appeal are mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 229 (1960). "[W]e have a duty to inquire into our own jurisdiction." McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir. 1989).

The district court's order denying relief was entered on March 26, 1996. Defendant filed her pro se notice of appeal on April 15, 1996, six days after the ten-day filing deadline established in Rule 4(b). On June 13, 1996, this court issued a jurisdictional show cause order. Thereafter, defendant's attorney filed a request for an extension of time to file the notice of appeal with the district court, which was granted on June 27, 1996. Accordingly, we have no jurisdiction over this appeal unless the late filing, which occurred within the thirty-day permissible extension period of Rule 4(b), was a result of excusable neglect.

By permitting courts to accept late filings due to excusable neglect, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388 (1993); see Stutson v. United States, 116 S. Ct. 600, 602 (1996) (noting that six courts of appeals have held that Pioneer standard applies in Rule 4 cases). We review the district court's determination of excusable neglect for an abuse of discretion. City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 (10th Cir. 1994).

Defendant explained that her notice of appeal was late because she had not received notice of the court's order denying her motion for relief. The district court's order extending the time to appeal found that defendant's motion "is well taken and should be granted," June 27, 1996 order, indicating that defendant's failure to receive notice of the order was excusable neglect.

The district court record reflects that defendant's motion to reduce her sentence was filed pro se and that the government's response was served on defendant, but not on her attorney. The district court docket sheet does not reflect that a copy of the order denying relief was sent to either defendant or her attorney as required by Fed. R. Crim. P. 49(c). Even though "[l]ack of notice of the entry by the clerk does not affect the time to appeal," the district court was permitted to consider it. Id. Under the circumstances, we determine that the district court did not abuse its discretion in granting the extension of time to file the notice of appeal. Therefore, we have jurisdiction to consider the merits.

The district court denied the motion to reduce sentence because the applicable statutes and sentencing guidelines did not lower defendant's sentencing range. The district court's interpretation and application of the sentencing guidelines are reviewed de novo. United States v. Pappert, 104 F.3d 1559, 1567 (10th Cir. 1997). We have carefully reviewed the district court's order, as well as the district court record and the materials submitted by the parties, and we find no reversible error. We affirm the district court's March 26, 1996 order denying sentence reduction for substantially the reasons stated in that order. The motion to withdraw filed by defendant's attorney is denied as moot.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-4-