CLAY, Circuit Judge, concurring in part and dissenting in part.
This case comes before us pursuant to a grant, vacate, and remand order ("GVR") from the Supreme Court. All that remains at issue is whether the district court properly excluded a period of two weeks when determining whether Defendant was indicted more than thirty days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). During that two-week period, Defendant was engaged in plea negotiations with the government. The majority holds (1) that time spent in plea negotiations is not automatically excludable under 18 U.S.C. § 3161(h)(1), and (2) that Defendant nevertheless is not entitled to relief either because he forfeited that argument, or, alternatively, because his time spent in plea negotiations was properly excluded under 18 U.S.C. § 3161(h)(7). I concur in the majority's first holding, set out in Section III.A. However, I respectfully dissent from the majority's second holding because the majority's reasoning is inconsistent with Supreme Court and Sixth Circuit precedent.
I. Background
The relevant facts are straightforward. On May 14, 2010, federal law enforcement agents executed a search warrant at Defendant's home and found drugs and a firearm. See United States v. White , 679 F. App'x 426, 428-30 (6th Cir. 2017). On April 29, 2013, the government filed a criminal complaint against Defendant in connection with that search. Id. And on May 2, 2013, Defendant was arrested in connection with that complaint. Id.
After his arrest, Defendant engaged in plea negotiations with the government. Id. To that end, on May 16, 2013, Defendant and the government filed a joint stipulation *1120 with the district court, stating in part that:
[T]he period from May 23, 2013 to June 7, 2013, should be excluded from computing the time within which an information or indictment must be filed because the parties are engaged in plea negotiations, 18 U.S.C. § 3161(h)(1), and because the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7).
(RE 12, PageID # 30-31.) On May 17, 2013, a magistrate judge issued an order stating in part that:
This matter coming before the court on the stipulation of the parties, it is hereby ... ORDERED that the period from May 23, 2013, to the new date of the preliminary hearing, June 7, 2013 should be excluded in calculating the time within which the defendant shall be indicted under the Speedy Trial Act. 18 U.S.C. § 3161.
(Id. at PageID # 32.) And on June 4, 2013, Defendant was indicted for various drug and firearm offenses, of which he was later convicted. White , 679 F. App'x at 428-30.
The relevant procedural history is less straightforward, but no less significant. As his case progressed, Defendant filed a motion to dismiss the indictment, alleging that the government had indicted him more than thirty days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). In response, the government argued that Defendant had agreed that the time Defendant spent in plea negotiations would be excluded, and that taking that excluded time into account, Defendant was permissibly indicted twenty days after his arrest. The district court agreed with the government and denied Defendant's motion, reasoning that the time Defendant spent in plea negotiations was excludable under 18 U.S.C. § 3161(h)(7) because Defendant and the government "agreed that the time period should be [excluded]." (RE 42, PageID # 143-44.)
Defendant appealed, arguing that neither the magistrate judge nor the district court had made the statutorily mandated findings necessary to exclude the time Defendant spent in plea negotiations under § 3161(h)(7). In response, the government argued both that the magistrate judge and the district court had made the statutorily mandated findings, and , for the first time, that Defendant's time spent in plea negotiations was also automatically excludable under 18 U.S.C. § 3161(h)(1). In reply, Defendant addressed the government's new argument, countering that " section 3161(h)(1) only mentions the exclusion of time for the district court to consider a plea agreement. It says nothing about plea negotiations ... [and] it is consistent with the purposes of the [Speedy Trial] Act to interpret the exclusion of delay due to 'other proceedings' in section (h)(1) to apply only to other proceedings like those described in the section." (Initial Reply Brief for Appellant at 2-3) (emphasis added). We agreed with the government's new argument and affirmed the denial of Defendant's motion, reasoning that time spent in plea negotiations is "automatically excludable under § 3161(h)(1)" because "[a]lthough the plea bargaining process is not expressly specified in § 3161(h)(1) ['s] [subparagraphs], the listed proceedings are only examples ... and are not intended to be exclusive." White , 679 F. App'x at 430-31.
Defendant filed a petition for certiorari with the Supreme Court. In his petition, Defendant maintained that time spent in plea negotiations is not automatically excludable under § 3161(h)(1), and cited the Supreme Court's decision in Bloate v. United States , 559 U.S. 196, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010). The government then abandoned the position it had taken before this Court on direct appeal, *1121 and agreed with Defendant. Accordingly, the Supreme Court issued a GVR directing us to further consider this case in light of the government's confession of error. On remand, Defendant continues to argue that time spent in plea negotiations is not automatically excludable under § 3161(h)(1) pursuant to Bloate . The government continues to agree, but now argues that Defendant is nevertheless not entitled to relief because he waived and forfeited that argument, or, alternatively, because his time spent in plea negotiations was properly excluded under § 3161(h)(7).
II. 18 U.S.C. § 3161(h)(1)[1]
I concur in the majority's holding that time spent in plea negotiations is not automatically excludable under 18 U.S.C. § 3161(h)(1). The Supreme Court's decision in Bloate abrogated this Court's contrary decisions in United States v. Dunbar , 357 F.3d 582 (6th Cir. 2004) and United States v. Bowers , 834 F.2d 607 (6th Cir. 1987).
III. Forfeiture
Judge Griffin, writing for himself, holds that Defendant is not entitled to relief because he forfeited his § 3161(h)(1) argument by failing to make it before the district court or in his initial opening brief to this Court, and that as a result, we are limited to plain error review. For several reasons, this holding is unpersuasive.
First, it is the government that forfeited its § 3161(h)(1) argument by failing to make it before the district court. This Court has held that once a defendant makes a "prima facie" showing of a violation-"a simple matter of producing a calendar" and showing that more than the allowed amount of time has passed, United States v. Sherer , 770 F.3d 407, 411 (6th Cir. 2014) -"the government bears the burden of proving sufficient excludable time by a preponderance of the evidence." United States v. Sobh , 571 F.3d 600, 602 (6th Cir. 2009) ; see also United States v. Gardner , 488 F.3d 700, 717 (6th Cir. 2007). Yet, faced with Defendant's showing that he was indicted more than thirty days after his arrest, the government never argued that the time Defendant spent in plea negotiations was automatically excludable under § 3161(h)(1). And the United States, like all litigants, forfeits arguments not raised before the district court. Cradler v. United States , 891 F.3d 659, 666 (6th Cir. 2018). I concur with Judge Guy's opinion on this point. See Con. Op. at 1118-19 ("White did not raise the automatic-exclusion issue, but it was not his issue to raise.").
Second, and relatedly, even if the government did not bear the burden of proving sufficient excludable time, because neither party argued that the time Defendant spent in plea negotiations was automatically excludable under § 3161(h)(1), the district court did not address or analyze § 3161(h)(1) in its denial of Defendant's motion. Rather, the district court addressed and analyzed only § 3161(h)(7).[2] Accordingly, when the government made its § 3161(h)(1) argument on appeal, it was *1122 as an alternative basis for affirmance. And this Court has held that in such situations, the appellant forfeits its argument in response only if it fails to make that argument in its reply brief. See Innovation Ventures, LLC v. N.V.E., Inc. , 694 F.3d 723, 729 (6th Cir. 2012) ("[The appellant] would not have been on notice that it needed to address in its initial brief an issue not even discussed by the district court. Consequently, there is no [forfeiture], and we find that [the appellant] properly responded [in its reply brief] to the alternative basis for affirmance raised on appeal...."); see also Golden Living Center-Frankfort v. Sec'y of Health & Human Servs. , 656 F.3d 421, 422 (6th Cir. 2011). In his initial reply brief, Defendant properly responded to the government's argument, countering that " section 3161(h)(1) only mentions the exclusion of time for the district court to consider a plea agreement. It says nothing about plea negotiations ... [and] it is consistent with the purposes of the [Speedy Trial] Act to interpret the exclusion of delay due to 'other proceedings' in section (h)(1) to apply only to other proceedings like those described in the section." (Initial Reply Brief for Appellant at 2-3) (emphasis added).[3]
Third, even if Defendant did forfeit his § 3161(h)(1) argument, that forfeiture was cured by subsequent proceedings in this Court and the Supreme Court. This Court's decision in Clark v. Chrysler Corp. , 436 F.3d 594 (6th Cir. 2006) is instructive.[4] In Clark , the defendant failed to argue *1123 before the district court that the verdict against it was unconstitutionally excessive. 436 F.3d at 599. Accordingly, Chrysler forfeited that argument. Yet despite that forfeiture, this Court addressed the issue on appeal and held that the verdict was not unconstitutionally excessive. Id. Chrysler appealed, and the Supreme Court issued a GVR, instructing this Court to reconsider the case in light of State Farm Mut. Auto. Ins. Co. v. Campbell , 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). Id. On remand, this Court held that its addressing the issue on direct appeal-despite the forfeiture-preserved the issue for Supreme Court review, and that the Supreme Court's GVR-despite the forfeiture-preserved the issue for reconsideration. Id. at 599-600. "[E]ven though [t]he defendant initially [forfeited] [its] challenge by failing to raise it in its post-trial motions before the district court, subsequent proceedings in the Sixth Circuit and the Supreme Court preserved the issue for review." Id. at 598.
The same is true in this case. Defendant allegedly forfeited his § 3161(h)(1) argument by not making it before the district court. Yet despite that alleged forfeiture, this Court addressed the issue on appeal and held that that time spent in plea negotiations is "automatically excludable under § 3161(h)(1)" because "[a]lthough the plea bargaining process is not expressly specified in § 3161(h)(1) ['s] [subparagraphs], the listed proceedings are only examples ... and are not intended to be exclusive." White , 679 F. App'x at 430-31. Defendant appealed, and the Supreme Court issued a GVR in light of the government's confession of error. Thus, as in Clark , subsequent proceedings before this Court and before the Supreme Court cured Defendant's forfeiture. See Stutson v. United States , 516 U.S. 193, 197, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) ("[A] GVR order promotes fairness and respects the dignity of the Court of Appeals by enabling it to consider potentially relevant decisions and arguments that were not previously before it.").[5]
IV. 18 U.S.C. § 3161(h)(7)[6]
The majority holds that the magistrate judge and the district court made the statutorily *1124 mandated findings necessary to exclude Defendant's time spent in plea negotiations under 18 U.S.C. § 3161(h)(7). This holding is also unpersuasive.
By its terms, 18 U.S.C. § 3161(h)(7)(A) permits a court to exclude a period of time by granting an ends-of-justice continuance only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The provision explains that "no such period of delay resulting from a continuance granted by the court ... shall be excludable under this subsection unless the court sets forth in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. Section 3161(h)(7)(B) then lists "[t]he factors, among others, which a judge shall consider" in determining whether to grant an ends-of-justice continuance.
Thus, § 3161(h)(7)"is explicit." Zedner v. United States , 547 U.S. 489, 507, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). "[W]ithout the on-the-record-findings, there can be no exclusion." Id. "[I]f a judge fails to make the requisite findings regarding the need for the ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed." Id. at 508, 126 S.Ct. 1976. In this way, § 3161(h)(7)"gives the district court discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs." Id. at 499, 126 S.Ct. 1976. As the Supreme Court has explained:
The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the [Speedy Trial] Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases. But it is equally clear that Congress, knowing that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The strategy of [ § 3161(h)(7) ], then, is to counteract substantive openendedness with procedural strictness. The provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings.
Id. at 508-09, 126 S.Ct. 1976.
"[T]he Sixth Circuit has placed great emphasis on the need for a district court to comply with this statutory requirement." Greenup v. United States , 401 F.3d 758, 764 n.3 (6th Cir. 2005) ; see, e.g. , United States v. Jordan , 544 F.3d 656, 665 (6th Cir. 2008) ("We believe that in order to assure that the district court adequately considers whether the ends-of-justice outweigh the public's and defendant's interest in a speedy trial, the district court should also generally hold an adversarial hearing in which both sides participate."). "This Court will not countenance maneuvers aimed at merely paying lip service to the Speedy Trial Act's requirements." Brown , 819 F.3d at 815.
In this case, the magistrate judge issued an order stating only that "[t]his matter coming before the court on the stipulation of the parties, it is hereby ... ORDERED that the period from May 23, 2013, to the new date of the preliminary hearing, June 7, 2013 should be excluded in calculating the time within which the defendant shall be indicted under the Speedy Trial Act.
*1125 18 U.S.C. § 3161." (RE 12, Page ID # 32.) The order did not mention the ends of justice or the interest of the defendant and the public in a speedy trial, let alone any reasons for finding that one outweighed the other. Accordingly, the magistrate judge plainly did not comply with § 3161(h)(7), and that should be the end of the matter. See Zedner , 547 U.S. at 507, 126 S.Ct. 1976.
However, the majority attempts to circumvent this conclusion by relying on the joint stipulation, which the magistrate judge attached to its order. According to the majority, the order "incorporates" the joint stipulation, and thereby complies with § 3161(h)(7). Maj. Op. at 1117. This holding is starkly inconsistent with the Supreme Court's and this Court's emphasis on the importance of complying with § 3161(h)(7) 's procedural strictness. Zedner , 547 U.S. at 508-09, 126 S.Ct. 1976 ; Brown , 819 F.3d at 822.
As an initial matter, it is doubtful that the order actually incorporated the joint stipulation, as the order lacks any "explicit language of incorporation." See Bender v. Newell Window Furnishings, Inc. , 681 F.3d 253, 264 (6th Cir. 2012). Moreover, the mere agreement of the parties that the ends of justice outweigh the interest of the defendant and the public in a speedy trial cannot substitute for the district court's own findings to that effect. See United States v. Ammar , 842 F.3d 1203, 1206-07 (11th Cir. 2016) ("The best interests of the parties-and even those of the court-cannot alone justify deviation from the [Speedy Trial] Act's requirements, absent the determination that those interests outweigh the public interest."); Parisi v. United States , 529 F.3d 134, 140 (2d Cir. 2008) ("The ends-of-justice determination is ... entrusted to the court, not the parties, and the parties cannot stipulate to its satisfaction as a substitute for the district court's finding to that effect."). Congress unequivocally imposed the procedural requirements of § 3161(h)(7) on the district court . See United States v. Richmond , 735 F.2d 208, 216 (6th Cir. 1984).[7]
Regardless, even if the magistrate judge "adopted the parties' stipulation as part of its own reasoning," the joint stipulation stated only that the time Defendant spent in plea negotiations should be excluded "because the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial." Maj. Op. at 1117. Such a conclusory statement does not comply with § 3161(h)(7). See United States v. Toombs , 574 F.3d 1262, 1271 (10th Cir. 2009) ("A record consisting of only short, conclusory statements lacking in detail is insufficient [to comply with § 3161(h)(7) ]."); United States v. Bryant , 523 F.3d 349, 361 (D.C. Cir. 2008) ("The passing reference to the 'interest of justice' made by the trial judge ... does not indicate that the judge seriously considered the [ § 3161(h)(7)(B) factors]. Zedner makes clear that trial judges are obligated to seriously weigh the benefits of granting the continuance against the strong public and private interests served by speedy trials...."). Rather, it is a "maneuver[ ] aimed at merely paying lip service to the Speedy Trial Act's requirements." Brown , 819 F.3d at 815.
For all of the foregoing reasons, I concur in part and dissent in part.

18 U.S.C. § 3161(h)(1) provides, in relevant part: "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed[:] ... Any period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."

Though the district court's written denial of Defendant's motion cited neither § 3161(h)(1) nor § 3161(h)(7), the district court's statements at the hearing on Defendant's motion demonstrate that it denied Defendant's motion pursuant to § 3161(h)(7). The district court reasoned that the joint stipulation stated that "the ends of justice served by the continuance outweigh the interest of the public and the Defendant in a speedy trial, which [are] the magic words ... that we're familiar with." (RE 88, PageID # 624.) The district court also reasoned that "[t]he [magistrate judge's] order was based in some measure on [the] stipulation, but [was] also based on the independent finding of a judicial officer, as it must be under the Speedy Trial Act.... The magistrate judge made a finding and I can rely on that.... So that's my ruling on that." (Id. at PageID # 631-33.) Such magic words and independent findings are relevant only to § 3161(h)(7). Compare United States v. Brown , 819 F.3d 800, 822 (6th Cir. 2016) ("[I]n order to grant an ends of justice continuance based on the considerations articulated under [§ 3161(h)(7) ], the district court was required to set forth on-the-record findings, orally or in writing, that the ends of justice served by the continuance outweighed the interests of [the defendant] and society in a speedy trial.") with United States v. Robinson , 887 F.2d 651, 656 (6th Cir. 1989) ("The exclusion is automatic if it falls within one of the [§ 3161(h)(1) ] exceptions.").

Accord Maj. Op. at 1113 ("Subparagraph (h)(1)(G) expressly excludes the time attributable to 'delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the government.' ... Plea negotiations , which necessarily occur before a proposed plea agreement comes to fruition, are therefore outside the limited universe contemplated by this subparagraph and may not be automatically excluded.").

Judge Griffin, writing for himself, acknowledges the persuasiveness of Clark , but erroneously limits its discussion of Clark to its analysis of waiver. "The terms waiver and forfeiture-though often used interchangeably by jurists and litigants-are not synonymous." Hamer v. Neighborhood Hous. Servs. of Chicago , --- U.S. ----, 138 S.Ct. 13, 17 n.1, 199 L.Ed.2d 249 (2017). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." United States v. Olano , 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ; see also Lucaj v. Fed. Bureau of Investigation , 852 F.3d 541, 547 n.4 (6th Cir. 2017). Accordingly, a defendant waives an argument by, for instance, withdrawing a motion or objection, see United States v. Collins , 683 F.3d 697, 701 (6th Cir. 2012), stating that a proposition is not disputed, see United States v. Walker , 615 F.3d 728, 733 (6th Cir. 2010), or stating that they are not pressing an argument. See United States v. Tasis , 696 F.3d 623, 625-26 (6th Cir. 2012). In contrast, a defendant forfeits an argument by, for instance, failing to make it before the district court, see Pittman v. Experian Information Sols., Inc. , 901 F.3d 619, 630 n.6 (6th Cir. 2018), failing to make it in its opening appellate brief, see Automated Sols. Corp. v. Paragon Data Sys., Inc. , 756 F.3d 504, 521-22 (6th Cir. 2014), or identifying it without pressing it. See Jones Bros., Inc. v. Sec'y of Labor , 898 F.3d 669, 677 (6th Cir. 2018). Significantly, in Clark , the defendant failed to raise the argument at issue in its post-trial motions before the district court. 436 F.3d at 598. Thus, while this Court used the term "waiver," it was more accurately referring to forfeiture, see Pittman , 901 F.3d at 630 n.6, and as a result, Clark is applicable to this forfeiture analysis.

Judge Griffin's holding on this issue eliminated any need for him to address waiver. However, because I disagree with that holding, I address waiver as well. The government argues that Defendant waived his § 3161(h)(1) argument pursuant to 18 U.S.C. § 3162(a), which provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." This argument is unpersuasive, as this Court has held that § 3162(a) is satisfied "so long as the defendant brings to the court's attention his belief that his [Speedy Trial Act] rights have been violated." Brown , 819 F.3d at 823. In this case, Defendant filed a motion to dismiss the indictment, alleging that the government had indicted him more than thirty days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). Thus, Defendant did not waive his § 3161(h)(1) argument.

18 U.S.C. § 3161(h)(7) provides, in relevant part: "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed[:] ... Any period of delay resulting from a continuance granted by the judge ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

Accordingly, this case is distinguishable from those relied upon by the majority. In none of those cases did the district court rely solely on the mere agreement of, or findings made by, the parties.