**William Steve GREENUP, Petitioner–Appellant,**

v.

**George SNYDER, Warden, Respondent–Appellee.**

No. 01–6572.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

## ORDER

William Steve Greenup appeals the denial of his motion for bond pending consideration by the district court of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. He has also filed a motion to expedite the appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Greenup was convicted of conspiracy to commit bank robbery (count 1), attempted bank robbery (counts 2–3, 7), bank robbery (count 4), conspiracy to kidnap (count 5), attempted kidnapping (count 6), use and carrying of a firearm in the commission of a violent crime (count 8), and possession of a firearm by a convicted felon (count 9). He was sentenced to concurrent sentences of 120 months on counts 2, 3, 4, 5, 6, 7, and 9, a concurrent 60-month sentence on count 1, and a consecutive 60-month sentence on count 8, plus supervised release. His convictions were affirmed on appeal. *See United States v. Greenup,* No. 97–6465, 1999 WL 506978 (6th Cir. June 7, 1999) (unpublished order).

On July 6, 1999, Greenup filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court ultimately ruled that the habeas petition should proceed pursuant to 28 U.S.C. § 2255. On August 4, 1999, Greenup filed a request for bond or a bond hearing. This motion was ultimately denied "until there is a finding that the Petitioner's claims have merit." Greenup's motion to alter or amend the order denying the motion for bond was denied. This appeal followed.

Upon review, we conclude that the district court properly denied the motion for bond. Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *See Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir.1993) ("[s]ince a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."). In order to warrant release, the petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)).

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

The district court denied Greenup's motion for bond because it determined that Greenup's habeas claims do not appear to be substantial. In addition, we note that Greenup has not demonstrated any unusual circumstances warranting the relief requested. There is no error in the district court's ruling.

Accordingly, the motion to expedite the appeal is denied, and the order of the district court denying bond is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.