**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Steve GREENUP,**
**Defendant–Appellant.**

No. 03–5622.

United States Court of Appeals,
Sixth Circuit.

Jan. 28, 2004.

William Cohen, Asst. U.S. Attorney, Nashville, TN, for plaintiff–appellee.

William Steve Greenup, #14893–075, pro se, Ashland, KY, for defendant–appellant.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

William Steve Greenup, a pro se federal prisoner, appeals a district court order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Greenup was convicted of conspiracy to commit bank robbery (count 1), attempted bank robbery (counts 2, 3, 7), bank robbery (count 4), conspiracy to kidnap (count 5), attempted kidnapping (count 6), use and carrying of a firearm in the commission of a violent crime (count 8), and possession of a firearm by a convicted felon (count 9). He was sentenced to concurrent sentences of 120 months on counts 2, 3, 4, 5, 6, 7, and 9, a concurrent 60 month sentence on count 1, and a consecutive 60 month sentence on count 8. His convictions were affirmed on appeal. *See United States v. Greenup*, No. 97–6465, 1999 WL 506978 (6th Cir. June 7, 1999).

Greenup subsequently moved to modify his sentence under § 3582(c)(2). Greenup's request was made in light of Amendments 591 and 599 to the United States Sentencing Guidelines. The district court noted that a trial court, after considering the factors set forth in 18 U.S.C. § 3553(a), has the discretion to decide whether or not to reduce a defendant's sentence under § 3582(c)(2). After evaluating the facts of the case, the district court determined that Greenup's conduct did not warrant a reduction in sentence. Therefore, the district court denied Greenup's motion.

On appeal, Greenup asserts that the district court abused its discretion by not modifying his sentence in light of Amendments 591 and 599.

The issue for review is whether the district court abused its discretion by denying Greenup's motion to modify his sentence under § 3582(c)(2). *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997). To find an abuse of discretion, the reviewing court must be firmly convinced that a mistake has been made. *United States v. Tocco*, 200 F.3d 401, 420 (6th Cir.2000). A court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard. *Harper v. Parker*, 177 F.3d 567, 572 (6th Cir.1999). An examination of the record shows that the district court did not make a mistake in denying Greenup's § 3582(c)(2) motion.

Regarding Amendment 591, this amendment altered USSG § 1B1.2 by adding language to § 1B1.2(a) referring the sentencing judge to USSG § 2X1.1. Greenup essentially argues that because Amendment 591 refers the sentencing judge to § 2X1.1 when there is an attempt to commit an offense, he is entitled to have his sentence modified because he was convicted of attempted bank robbery. However, Greenup's argument that he is entitled to a sentence reduction under § 2X1.1 was addressed and rejected by this court in Greenup's direct appeal. *Greenup*, No. 97–6465, 1999 WL 506978, at *3.

Greenup argues that his sentence should also be reduced in accordance with Amendment 599. Amendment 599 is retroactive under USSG § 1B1.10 and thus a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz*, 248 F.3d 1065, 1107–08 (11th Cir.2001). Amendment 599, in this instance, prohibits a weapon enhancement to the underlying offense where there is a conviction under 18 U.S.C. § 924(c). Applying the factors set forth in 18 U.S.C. § 3553(a), the district court properly exercised its discretion in denying Greenup's request for a sentence modification based on Amendment 599.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.