**William Steve GREENUP,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

Nos. 03–6530, 03–6580.

United States Court of Appeals,
Sixth Circuit.

Argued: Nov. 2, 2004.

Decided and Filed: March 29, 2005.

**ARGUED:** Thomas F. Bloom, Nashville, Tennessee, for Appellant. William Cohen, Assistant United States Attorney, Nashville, Tennessee, for Appellee. **ON BRIEF:** Thomas F. Bloom, Nashville, Tennessee, for Appellant. William Cohen, Assistant United States Attorney, Nashville, Tennessee, for Appellee.

Before: RYAN and GIBBONS, Circuit Judges; EDMUNDS, District Judge.*

---

*The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

## OPINION

EDMUNDS, District Judge.

This is an appeal from an order denying petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and an appeal of the district court's refusal to release petitioner on bond pending his § 2255 appeal. We have consolidated the two appeals for consideration. These are his fourth and fifth appeals regarding his sentence and conviction. *See United States v. Greenup*, No. 97–6465, 1999 WL 506978 (6th Cir. June 7, 1999) ("*Greenup I*") (affirming Greenup's conviction and sentence); *Greenup v. United States*, 57 Fed.Appx. 620 (6th Cir.2003) ("*Greenup II*") (affirming district court's denial of Greenup's motion for bond pending his motion to vacate); *United States v. Greenup*, 86 Fed.Appx. 167 (6th Cir.2004) ("*Greenup III*") (affirming district court's denial of Greenup's motion to modify his sentence under 18 U.S.C. § 3582(c)(2)). For the reasons explained below, we AFFIRM.

## I. Background

In 1995, Greenup entered the home of Barbara Ross, the assistant branch manager of Union Planters Bank branch in Hendersonville, Tennessee, to kidnap her and force her to assist him and others in robbing the bank. Ross's daughter called the police. They arrived at the house and arrested Greenup before he left the house with Ross.

On November 30, 1995, Magistrate Judge William J. Haynes, Jr.[1] signed a complaint charging Greenup with attempted kidnaping in violation of 18 U.S.C. §§ 1201, 1202. Greenup was arrested the

---

1. Since then, Judge Haynes was appointed a district court judge for the Middle District of Tennessee, and it is his order at issue in this appeal.

same day. Thomas Watson was appointed to represent him. On December 8, 1995, Greenup filed a waiver of his right to have his case presented to a grand jury within 30 days of his arrest. He then began cooperating with the government by participating in debriefing sessions with law enforcement officials. On June 6, 1996, the United States Attorney's office sent Watson a plea agreement offer that required Greenup to enter a guilty plea to attempted kidnaping and possession of a weapon by a convicted felon. United States Attorney William Cohen expressed that he did not believe Greenup was candid about information he provided about a codefendant, John Walker. The letter also included the following statement:

In recognition of his cooperation concerning the Montgomery County Jail attempted escape, threats made by other inmates, and the information concerning narcotics he has provided, the government will not require that your client enter a plea of guilty to a charge of violating 18 U.S.C. § 924(c). However, because of the difficulties we encountered with his lack of credibility which led, in large part, to our decision not to try Mr. Walker, we will not be moving for a 5K downward departure. We will, however, make known the nature and extent of his cooperation to the trial judge for his consideration in determining where within the range your client should be sentenced.

On August 21, 1996, the government charged Greenup in an information with violating 18 U.S.C. § 1201 (attempted kidnaping) and § 922(d) (felon in possession of a weapon). Greenup pled guilty to the information on October 17, 1996. Greenup later filed a motion to withdraw his guilty plea, and the district court, Judge Thomas A. Higgins, held a hearing on his motion. At the hearing on March 31, 1997, Greenup stated that he did not think he was guilty of kidnaping. Greenup then sought to withdraw his motion to withdraw his plea, but the district court denied the motion to withdraw his motion to withdraw his plea, granted his motion to withdraw his plea, and set the matter for a July 8, 1997 trial.

Up until February 24, 1997, Thomas Watson represented Greenup. On February 24, 1997, the district court granted Watson's motion to withdraw, and appointed Joseph Edwards to represent Greenup. Edwards represented Greenup through trial and continued as his lawyer on his direct appeal.

On April 28, 1997, the district court filed a notice of plea hearing for May 5, 1997. On May 5, 1997, Greenup attempted to enter another guilty plea, but the district court rejected his plea, stating: "I don't believe that the man is reconciled to fully and completely acknowledging and accepting his responsibility in this case, equivocates in every essential juncture, and the thing to do in this case is simply try the case and let the record speak for itself and let 12 people speak to it."

On June 4, 1997, a federal grand jury returned a Superseding Indictment that recharged the two offenses in the Information, but added seven counts: conspiracy to commit bank larceny and to enter banks with the intent to commit a larceny in violation of 18 U.S.C. § 371; two counts of attempting to enter a bank with intent to commit a larceny or felony in violation of 18 U.S.C. § 2113(a); bank larceny in violation of 18 U.S.C. § 2113(b); conspiracy to kidnap in violation of 18 U.S.C. § 1201(c); attempted armed bank robbery in violation of 18 U.S.C. § 2113(d); and using and carrying a firearm during crimes of violence in violation of 18 U.S.C. § 924(c). After a trial, a jury convicted Greenup on all counts.

This court affirmed his conviction and sentence on direct appeal. *See Greenup I.* Greenup then moved to modify his sentence. District Court Judge Haynes denied that motion, and this court affirmed. Greenup then moved *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the following issues: (1) denial of Greenup's right to bond before trial; (2) ineffective assistance of trial counsel on the basis that trial counsel failed to object to denial of bond, failed to move for dismissal of the indictment because of Greenup's rights under the Constitution and the Speedy Trial Act, failed to challenge Greenup's confessions, failed to interview witnesses before the suppression hearing, failed to give an effective closing argument, admitted Greenup's guilt during sentencing, failed to include all of Greenup's claims on appeal, and required Greenup to represent himself due to the ineffectiveness; (3) Speedy Trial Act issues; and (4) the district court erroneously interpreted 18 U.S.C. § 924(c) to allow double counting of offenses.

Judge Haynes conducted an evidentiary hearing on Greenup's § 2255 motion in which Greenup, Watson, and Edwards testified. Greenup testified that Watson instructed him to sign a waiver of his right to be indicted without explaining the document. He also said he tried to persuade Edwards to raise the issue of his indictment not being issued within 30 days of the complaint, but Edwards did not raise the issue before the district court. Edwards, however, testified that Greenup did not mention this issue to him. Greenup also testified that he tried to persuade Edwards to raise a speedy trial objection because his trial was scheduled more than 70 days after he withdrew his plea, but Edwards refused to raise the issue before the district court because he believed the superceding indictment started a new 70 day clock. Greenup further testified that

at sentencing, Edwards refused to argue that a two level enhancement for using a dangerous weapon was improper because it constituted "double counting." Greenup's argument was that he was already being sentenced for having a stun gun in violation of § 924(c), and it was improper for the court to then count the gun against him again by applying the dangerous weapon enhancement. Greenup raised the issue himself at his sentencing, but Judge Higgins did not rule on that specific objection. Greenup requested to proceed with his direct appeal *pro se*, but Judge Higgins denied his request. Instead, he ordered Edwards to represent Greenup on appeal, and directed Edwards to raise the issues Greenup requested. Greenup sent Edwards a 50 page letter outlining the issues he wanted Edwards to raise on appeal, including his right to a timely indictment, a suppression of a confession, the speedy trial issue, his right to bond and bail, and Judge Higgins' refusal to accept his plea. Edwards, however, only raised four issues on direct appeal: the correctness of the jury instruction regarding attempted kidnaping, the sufficiency of the evidence, whether the district court should have imposed a sentence enhancement under USSG § 2B3.1(b)(4)(A), and whether the district court should have reduced his offence level under USSG § 2X1.1.

After weighing the credibility of the testimony, the district court denied Greenup's § 2255 motion, with the exception that the district court dismissed the attempted kidnaping charge without prejudice. The district court issued a certificate of appealability only as to Greenup's claims of ineffective assistance of counsel and denial of his rights to a timely indictment and a speedy trial.

Prior to the district court's order denying Greenup's § 2255 motion, Greenup filed a "Request for Final Disposition or

Alternatively, Renewed Motion for Bond." The district court had previously denied his request for bond pending his § 2255 motion, and this court affirmed that denial of bond. *See Greenup II.* Greenup's renewed motion for bond was based on the fact that the court was taking too long, in his opinion, to render a decision on his § 2255 motion and that the district court should rule on that motion or let him free on bond. At the time Greenup filed his renewed motion for bond, this court had not yet affirmed the district court's original denial of bond.

On November 17, 2003, Greenup filed a "Request for Final Disposition of Renewed Motion for Bond." At that point in the proceedings, the district court had issued its order resolving his § 2255 motion but had not ruled on Greenup's renewed motion for bond. In this latest motion, Greenup requested a bond during the pendency of his appeal. One week later, the district court denied his motion for bond pending appeal "based upon the Sixth Circuit's previous ruling." Greenup appeals that order, and his appeal of the bond issue has been consolidated with his appeal of the § 2255 order.[2]

## II. Standard of Review

In an appeal of a motion to vacate sentence brought under 28 U.S.C. § 2255, the court reviews the district court's factual findings for clear error and its legal conclusions *de novo. Nagi v. United States,* 90 F.3d 130, 134 (6th Cir.1996).

■ Interpretations of the Speedy Trial Act are reviewed *de novo.* Related factual questions are reviewed for clear error. *United States v. Marks,* 209 F.3d 577, 586

(6th Cir.2000). Review of a decision whether an indictment should have been dismissed for a violation of the Speedy Trial Act with or without prejudice is under a "modified abuse of discretion standard," *United States v. Pierce,* 17 F.3d 146, 148 (6th Cir.1994), which requires "more substantive scrutiny to ensure that the judgment is supported in terms of the factors identified in the statute." *United States v. Taylor,* 487 U.S. 326, 337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); *United States v. Howard,* 218 F.3d 556, 560–61 (6th Cir.2000).

## III. Analysis

Greenup raises four issues on appeal: (1) whether the district court erred in determining that the attempted kidnaping count only should be dismissed because of an untimely indictment; (2) whether that one count should have been dismissed with prejudice; (3) whether the timing of the trial violated the Speedy Trial Act; and (4) whether Greenup's counsel was ineffective at trial and on appeal.

### A. Timeliness of the Indictment

■ The Speedy Trial Act provides that "[a]ny ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges." 18 U.S.C. § 3161(b). Section 3162(a)(1) sets forth the sanction for violations of § 3161(b): "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment ... is filed within the time limit required by section 3161(b) .., such charge against

---

2. Although he originally brought the motion for bond as a renewed motion for bond pending the district court's resolution of his § 2255 motion, Greenup later referred to the motion as one for bond pending appeal, and

the district court's order regarded the motion as one for a bond pending appeal. This court will likewise consider Greenup's appeal as one from a denial of bond pending appeal.

that individual contained in such complaint shall be dismissed or otherwise dropped." A period of delay is excusable if a defendant requests a continuance, but only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). A waiver is treated like a request for a continuance, and is insufficient unless a judge considers the factors listed in 18 U.S.C. § 3161(h)(8)(B) and concludes that the waiver serves the interests of justice. *United States v. Saltzman*, 984 F.2d 1087, 1091 (10th Cir. 1993).

■ The district court correctly concluded that the government did not serve a timely indictment because even though Greenup signed a waiver of his rights to an indictment within 30 days of his arrest, the waiver was ineffective because a judge did not conclude that "the ends of justice are served by an acceptance of the defendant's waiver." *Id.*[3]

■ That conclusion does not mean that the district court should have dismissed all the charges against Greenup. In *United States v. Nabors*, 901 F.2d 1351 (6th Cir.1990), the defendant was arrested and a complaint was issued for attempted murder of a federal agent. Thirty-three days later, he was indicted for that charge

and several others. *Id.* at 1353. Pursuant to the Speedy Trial Act, the district court dismissed the attempted murder charge but allowed the rest of the indictment to proceed. *Id.* at 1355. This court affirmed, stating:

> The statutory and constitutional provisions governing the speedy trial of a criminal defendant do not require that every offense chargeable from a criminal episode be dismissed for failing to comply with the thirty-day time limit for indictments following an arrest. Rather, 18 U.S.C. § 3162(a)(1) only requires the dismissal of the offense charged in the complaint for a violation of 18 U.S.C. § 3161(b).

*Id.* The Eleventh Circuit has explained: "The Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged." *United States v. Mosquera*, 95 F.3d 1012, 1013 (11th Cir.1996); *see also United States v. Clay*, 925 F.2d 299, 302 (9th Cir.1991) *overruling on other grounds recognized in Rodriguera v. United States*, 954 F.2d 1465 (9th Cir.1992). Therefore, a complaint or other original accusatory document starts the speedy trial clock only as to the offenses included in that complaint. *United States v. Bailey*, 111 F.3d 1229, 1236 (5th

---

**3.** This is the first published decision of this court to so hold. There is only one unpublished Sixth Circuit decision on the issue. *See United States v. Howard*, No. 94–6543, 1997 WL 705077 (6th Cir. Nov.6, 1997). In *Howard*, this court stated (in dicta) that such a waiver is not valid unless the district court conducts the "ends of justice" analysis under 18 U.S.C. § 3161(h)(8)(A). *Id.* at *5, n. 4.("[A]ny construction which holds that any of the provisions of the Speedy Trial Act is waivable by defendant...is contrary to legislative intent and subversive of its primary

objective.")(quoting S.Rep. No. 212, at 29 (1979)). In *Howard* and in other cases, the Sixth Circuit has placed great emphasis on the need for a district court to comply with this statutory requirement and set forth on the record its reasoning for granting an "ends of justice" continuance. *See id.* at *4; *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993). This approach is consistent with the Tenth Circuit's approach in *Saltzman* and all other circuits that have addressed the issue. *See, e.g., United States v. Willis*, 958 F.2d 60, 63 (5th Cir.1992)(collecting cases).

Cir.1997). The government's failure to issue an indictment within thirty days as to the charges in the complaint has no effect on charges the government subsequently files. *Id.* Therefore, the district court correctly remedied the ineffective assistance of counsel as to the indictment by dismissing the attempted kidnaping charge.

■ Greenup also assigns error to the district court's decision to dismiss the attempted kidnaping charge without prejudice. A court considers three factors to determine if a charge should be dismissed with or without prejudice: (1) seriousness of the offense; (2) the facts and circumstances leading to dismissal; and (3) the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(1). The district court dismissed the attempted kidnaping charge without prejudice because it concluded the offense is serious, Greenup's inconsistent and changing positions on his plea and cooperation were the causes of the delay, and a reprosecution would not be prejudicial. Greenup admits that these last two conclusions are findings of fact subject to a clear error standard of review. He argues that the delay was not caused by his changed positions on pleading guilty and that he would be prejudiced by a retrial. After conducting a three day evidentiary hearing on the motion to vacate, the district court weighed the evidence and came to the conclusions above. Evidence in the record supports the district court's conclusions,

and they were not in clear error. Moreover, Greenup has not shown the delay was in bad faith, that he suffered any actual prejudice because of the delay (such as unavailability of witnesses), or that "the government engaged in any improper behavior which must be deterred in order to ensure compliance with the [Speedy Trial] Act." *Campbell v. United States,* 364 F.3d 727, 731 (6th Cir.2004). Dismissal without prejudice was appropriate.

## B. Timeliness of the Trial

Greenup alleges that his counsel was ineffective for failing to argue that his trial was held too late. The Speedy Trial Act provides that the trial of a defendant shall commence within seventy days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The district court denied Greenup's motion based on his allegation that his right to a speedy trial was violated. His trial began July 8, 1997, 99 days after he withdrew his plea on March 31, 1997, but the district court reasoned that 50 days were excludable because of Greenup's changing positions on the plea agreement, and the superceding indictment started a new 70 day clock.

March 31, 1997 is the date the district court granted Greenup's motion to withdraw his plea and as such is the starting date for the speedy trial clock.[4] The dis-

---

4. The Speedy Trial Act provides: "If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea be-

comes final." 18 U.S.C. § 3161(I); *see also United States v. Robertson,* 260 F.3d 500, 503 (6th Cir.2001) (finding that the day defendant moved to withdraw his guilty plea was the day of the indictment under the Speedy Trial Act and is the day that starts the 70 day speedy trial clock); *Marks,* 209 F.3d at 586 (holding the day the defendants withdrew their guilty pleas is the day of indictment, and

trict court was mistaken when it deducted 50 days for Greenup's motion to withdraw his plea because those days preceded March 31, 1997. Three other time periods, however, are excludable. First, at least 30 days is excludable due to a motion filed by Greenup's attorney. Greenup's attorney filed a motion for continuance on May 23, 1997. The motion was set for hearing on June 30, 1997. At the hearing, Greenup refused to waive his right to a speedy trial, and the trial proceeded as originally scheduled on July 8, 1997.

Under 18 U.S.C. § 3161(h)(1)(F), delay resulting from any pretrial motion is excludable.[5] If a motion requires a hearing, the time between the filing of the motion and the conclusion of the hearing is automatically excluded. *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir.1988). If the motion is not resolved at the hearing, a maximum of 30 days beyond the hearing is excluded until the motion is resolved. *Id.* If a motion does not require a hearing, the Speedy Trial Act excludes the time it takes the court to resolve the motion, up to a maximum 30 days. *Id.* at 327.

A motion for continuance does not require a hearing if there are no facts in dispute. *United States v. Bowe*, 221 F.3d 1183, 1189 (11th Cir.2000). Greenup's attorney and the government agreed to a continuance, Greenup's attorney so he would have more time to prepare in light of the superceding indictment and the government because the lead counsel on the case would be unavailable July 8 for medical reasons. The district court denied the motion, however, because Greenup refused

to waive his right to a speedy trial and wanted the trial to commence on July 8. This court need not decide whether the motion required a hearing because even if the motion did not require a hearing, the disposition of the motion created 30 excludable days.

Second, the period from April 28, 1997 to May 5, 1997 is excluded because of Greenup's attempt to enter another guilty plea. Third, on July 3, 1997, Greenup filed a motion to suppress his confession. The district court held a hearing on July 8, 1997. The suppression motion created an additional 6 days of excusable days, for a total of 44. Therefore, the trial was held 55 countable days after the withdrawal of the plea, well within the 70 day limit.

■■ Greenup argues that his motion for a continuance did not actually cause any delay because the district court set the July trial date before his attorney filed the motion. This court stated in *United States v. Robinson* that the § 3161(h)(1)(F) exclusions are automatic and do not require actual causation. 887 F.2d 651, 655–57 (6th Cir.1989). Several other circuits have reached the same conclusion. *United States v. Vogl*, 374 F.3d 976, 985 (10th Cir.2004); *United States v. Parker*, 30 F.3d 542, 549–50 (4th Cir.1994); *United States v. Montoya*, 827 F.2d 143, 151 (7th Cir.1987). Therefore, the motion need not have actually caused the delay in order for this court to properly exclude days because of its filing. Greenup's trial did not violate the Speedy Trial Act.

## C. Ineffective Assistance of Counsel

Greenup must prove two elements to establish ineffective assistance of counsel:

---

the day that starts the 70 day speedy trial clock).

5. 18 U.S.C. § 3161(h) provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion" shall be "excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence."

his attorney's performance was deficient, and the deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong, a defendant must show his counsel made errors so serious he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To satisfy the second prong, he must show "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Greenup argues his counsel was ineffective in numerous ways. Each is addressed in turn.

### 1. Timeliness of the Indictment

Greenup claims his counsel was ineffective by failing to move to dismiss the indictment because it violated the Speedy Trial Act. While this failure may constitute ineffective assistance of counsel, the district court already remedied any ineffective assistance by dismissing the attempted kidnaping charge.

■ When a defendant has received ineffective assistance of counsel, the district court has the power to remedy the violation by placing the defendant in the same position he was in prior to the ineffective assistance. *United States v. Allen,* 53 Fed.Appx. 367, 373–74 (6th Cir. 2002) (holding that a plea bargain could be reinstated following a finding that the defendant's attorney was ineffective in his failure to adequately present the plea offer in the first place).

Here, had Greenup's attorney been aware of the speedy trial issue and moved to dismiss the indictment on that ground,

the correct disposition of the motion would have been to dismiss the attempted kidnaping charge because it was identical to the charge in the original complaint.

### 2. Timeliness of the Trial

As discussed above, the trial did not violate the Speedy Trial Act, and so Greenup's attorney was not ineffective for failing to raise that issue.

### 3. Failure to accompany Greenup to a meeting with the government

■ Watson did not accompany Greenup to a preparation session with federal officials regarding an upcoming trial of a third party. An investigator from the federal defender's office accompanied Greenup instead. Afterwards, the government expressed its concerns to Watson about Greenup's credibility and eventually dropped the charges against the other party. Following those events, the government entered into a plea agreement with Greenup that was based in part on the government's disbelief of Greenup's version of events.

This court has never found that a criminal defendant has a right to an attorney at a debriefing with government agents in the course of the defendant's attempted cooperation.[6] This court has recognized that a defendant is entitled to an attorney during plea negotiations, *United States v. Sammons,* 918 F.2d 592, 602 (6th Cir.1990), but has not extended that right to a debriefing. This panel need not decide that issue here. Even if such a right exists, and even if Greenup's attorney performed his function unreasonably by not attending the meeting, thus satisfying the first *Strickland*

---

**6.** In *United States v. Ming He,* 94 F.3d 782, 793 (2nd Cir.1996), the Second Circuit held that a defendant has a right to counsel during

debriefing sessions with government agents in the course of cooperating with the government in exchange for a lighter sentence.

prong, Greenup must still show prejudice.[7] There is none here. Greenup withdrew his plea, and the district court did not accept Greenup's subsequent plea attempt because he refused to fully admit his guilt. Therefore, no matter if the government's skepticism of Greenup's candor in the debriefing session caused the government's plea offer to be different than it would have been otherwise, Greenup did not follow through on his promise to plead guilty, and so the government's end of the bargain is immaterial.

### 4. Failure to negotiate a binding plea agreement under Rule 11(e)(1)(C)

 Greenup contends that Watson should have negotiated a binding plea agreement under Fed.R.Crim.P. 11(e)(1)(C) instead of an agreement wherein the government merely recommends a sentence to the district court. Watson testified at the evidentiary hearing that the U.S. Attorney in that district will only agree to 11(e)(1)(C) agreements in "very extraordinary circumstances." Greenup has not shown that Watson was so ineffective that he failed to act as his counsel by determining that negotiations for a 11(e)(1)(C) agreement would be futile. And again, Greenup refused to admit his guilt, so the type of agreement did not prejudice him.

### 5. Failure to hold the government to its promise not to use Greenup's confession against him

 At the May 5, 1997 guilty plea hearing, the government stated that it was prosecuting the case without Greenup's confession. The government also stated that whether the confession was suppressed or not, it could make its case against Greenup. Greenup lost his motion to suppress the confession, and the government used it against him at trial. Greenup argues that the government must be bound by its promise, but the decisions he cites involve promises made in plea bargains, which is not the case here. *See Bemis v. United States,* 30 F.3d 220 (1st Cir.1994); *Palermo v. Warden,* 545 F.2d 286 (2nd Cir.1976). He fails to cite any case which provides grounds for enforcing a promise made by the government not in connection with a plea agreement. Therefore, Watson did not fail to provide effective assistance of counsel by failing to move to exclude the confession because of the government's statement because such a motion would have been unsuccessful.

### 6. Failure to hold the government to its promise not to bring § 924(c) charges against Greenup

 The government wrote a letter on June 6, 1996, stating: "In recognition of his cooperation concerning the Montgomery County Jail attempted escape, threats made by other inmates, and the information concerning narcotics he has provided, the government will not require that your client enter a plea of guilty to a charge of violating 18 U.S.C. § 924(c)." That statement was in a plea agreement offer in which Greenup was to enter a plea of guilty to one count of attempted kidnaping. At the hearing on Greenup's motion to withdraw his guilty plea, the government

---

7. Greenup contends that the debriefing was part of his plea negotiations, and that a plea negotiation is a critical stage of a judicial proceeding. When a defendant is denied counsel during a critical stage of the proceeding, there is a presumption of prejudice. *French v. Jones,* 332 F.3d 430, 436 (6th Cir.

2003); *see also United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In *Sammons,* however, this court held that while a defendant is entitled to an attorney during plea negotiations, there is no constitutional violation absent prejudice to the defendant. 918 F.2d at 602.

stated its intention to bring additional charges against him if he withdrew his guilty plea. Even though Greenup sought to withdraw his motion, and then sought to enter another guilty plea five weeks later, the district court rejected his attempts because he would not fully admit his guilt. Therefore, the government was not precluded from bringing § 924(c) charges against Greenup, and Watson was not ineffective counsel for failing to raise this argument.

### 7. Failure to argue that Greenup's sentencing guidelines should not be enhanced

■ Greenup argues that his counsel was ineffective at sentencing for failing to argue that the district court double counted his firearm by imposing a weapons enhancement even though he was also convicted on the § 924(c) count. Greenup raised the issue himself at the sentencing hearing, but the district court overruled his objection. Greenup filed a motion to modify his sentence based upon Amendment 599 to the United States Sentencing Guidelines, which codified the prohibition against double counting. *Greenup II*, at *620. The district court denied his motion, and this court affirmed, finding that the district court properly exercised its discretion in denying Greenup's request for a sentence modification. *Id.* This court finds that Edwards was reasonable in deciding to omit an argument that the district court and this court have rejected.

Greenup also argues that Edwards was ineffective because at the sentencing hearing, Edwards failed to argue that Greenup was entitled to a three point reduction under § 2X1.1, forcing Greenup to argue the point himself. In *Greenup I*, this court held that the district court properly refused to grant Greenup a § 2X1.1 offense level reduction. Edwards was not

ineffective for failing to raise the issue himself.

### 8. Ineffective assistance on the direct appeal

■ Greenup argues that his attorney was professionally unreasonable by failing to raise numerous issues in Greenup's direct appeal. The district court held that an appellate attorney's decision not to raise some bases for an appeal does not constitute prejudice. This court has previously offered several non-exclusive considerations for determining whether an appellate attorney met the first part of the *Strickland* test by omitting issues on appeal:

(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's rulings subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427–28 (6th Cir.1999).

Greenup's claim for ineffective assistance of counsel on direct appeal parallels his other grounds to vacate his sentence, as he insists that all of the issues discussed above should have been raised on direct appeal. For the reasons stated above, only the speedy indictment argument had merit, which the district court remedied by dismissing the attempted kidnaping charge. Appellate counsel was not ineffective for failing to raise meritless arguments on appeal.

## IV. Conclusion

For the reasons stated above, Greenup's bond motion is DENIED as moot, and the district court's order is AFFIRMED.